1  DAVID A. ROSENBERG
   Nevada Bar No.: 10738
2  US BANKRUPTCY TRUSTEE
   5030 Paradise Road, #B-215
3  Las Vegas, Nevada 89119
   Phone: (702) 405-7312
4  Fax: (702) 947-2244
5  darosenberg@7trustee.net

6  **UNITED STATES BANKRUPTCY COURT**

7  **DISTRICT OF NEVADA**

8  |                                  | Case No. BK-S-11-10465-MKN |
9  |                                  | Chapter 7 |

10 In re:                              **NOTICE OF HEARING:**

11 **JUAN C. PAULA**                   *MOTION SEEKING AUTHORIZATION TO*
12 **SUSANA DOMINGUEZ-DE PAULA,**      *DISTRIBUTE NET PROCEEDS FROM SALE*
                                       *PURSUANT TO § 725 - REAL PROPERTY*
13
                                       **[4218 OAK BAY WAY, NORTH LAS VEGAS,**
14                      Debtor.        **NV 89032]**

15                                     Date of Hearing:   April 17, 2014
                                       Time of Hearing:   11:00 a.m.
16

17 TO:  BANKRUPTCY COURT CLERK

18 TO:  ALL INTERESTED PARTIES

19     **PLEASE TAKE NOTICE** that a hearing will be held before the Honorable United
20 States Bankruptcy Judge Mike K. Nakagawa, in the Foley Federal Building, **300 Las Vegas**
21 **Boulevard, South, Las Vegas, Nevada** on April 17, 2014, at the hour of 11:00 a.m., to
22 consider and act upon the *Motion Seeking Authorization To Distribute Net Proceeds From Sale*
23 *Pursuant To § 725 - Real Property [4218 Oak Bay Way, North Las Vegas, NV 89032]*. For
24 further details relating to the Motion, please refer to the original pleadings which are on file
25 with the Court and which may be inspected during normal business hours.  Any opposition must
26 be filed pursuant to Local Rule 9014(d)(1)[i].

27     **NOTICE IS FURTHER GIVEN** that if you do not want the Court to grant the relief
28 sought in the Motion, or if you want the court to consider your views on the Motion, then you

must file an opposition with the Court, and serve a copy on the person making the Motion, no later than 14 days preceding the hearing date for the motion, unless an exception applies (see Local Rule 9014(d)(3))[ii]. The opposition must state your position, set forth all relevant facts and legal authority, and be supported by affidavits or declarations that conform to Local Rule 9014(c)[iii].

> If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the person who sent you this notice.
>
> **If you do not file a written response with the court or if you do not serve your written response on the person who sent you this notice, then:**
>
> - The court may *refuse to allow you to speak* at the scheduled hearing; and
> - The court may *rule against you* without formally calling the matter at the hearing.

**DATED** this Tuesday, March 18, 2014.         Respectfully Submitted By:

/s/ *David A. Rosenberg*
David A. Rosenberg, Trustee

---

[i] **Local Rule 9014(d)(1):** Except as set out in subsection (3) below, any opposition to a motion must be filed, and service of the opposition must be completed on the movant, no later than fourteen (14) days preceding the hearing date for the motion. The opposition must set forth all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of subsection (c) of this rule.

[ii] **Local Rule 9014 (d)(3):** Subsections (d)(1) and (2) do not apply to: (A) Motions for summary judgment brought in any adversary proceeding; (B) Motions for which an order shortening the time for the hearing date has been obtained; and (C) Motions or contested matters for which the court has set a separate briefing schedule either in open court or by separate order.

[iii] **Local Rule 9014(c):** Contents of motion; affidavits and declarations. See LR 7032 and LR 9017. (1) The motion must state the facts on which it is based and must contain a legal memorandum. If factual issues are contested, the Court will not grant the contested relief unless admissible evidence is offered in support of the relief requested. (2) If affidavits or declarations are submitted, they must be filed separately, and they must reference the underlying motion or paper. Affidavits and declarations failing to comply substantially with all of the requirements of subsection (c) of this Rule may be stricken in whole or in part on the request of an opposing party or on the Court's initiative. Affidavits and declarations must be made under penalty of perjury and must: (A) Identify the affiant, the party on whose behalf the affidavit is submitted, and the motion to which is pertains; (B) Contain only nonhearsay factual evidentiary matter or expert opinion, conform as far as possible to the requirements of Fed. R. Civ. P. 56(e), and avoid mere general conclusions or arguments; (C) Identify and authenticate documents and exhibits offered in support if the motion or opposition, unless the documents are already authenticated in the record or have been previously admitted into evidence by the Court and are specifically referred to and identified in the motion or opposition; and, (D) If an appraisal, include a statement of the qualifications of the appraiser, and either be made under penalty of perjury or be included by reference into an affidavit or declaration of the appraiser.